IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES WHITEHEAD                                                                                    PLAINTIFF

v.                    Civil No. 4:14-cv-04085

WILLIAM MAY                                                                                        DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff James Whitehead pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Bowie County Correctional Center ("BCCC") in Texarkana, Texas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

1.   **BACKGROUND**

Plaintiff originally filed this case *pro se* on June 27, 2014. ECF No. 1. In his Complaint, Plaintiff claims Defendant William May shot him. Specifically Plaintiff claims, on February 16, 2014, "I was on Shell Drive helping Stormy Molten when her boyfriend William May pulled up and shot me." Plaintiff provides the Miller County Detention Center as May's address, but

Plaintiff does not claim May works for the Miller County Sheriff's Office or that May is a law enforcement official of any kind. Plaintiff does not provide any further facts or allegations in his Complaint. At the time he filed his Complaint Plaintiff was incarcerated at the BCCC.

On June 27, 2014, the undersigned ordered Plaintiff to complete and return an IFP application and file an Amended Complaint by July 17, 2014. ECF No. 2. This Order was not returned as undeliverable mail. Plaintiff failed to respond with his IFP application and Amended Complaint.

On September 10, 2014, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why he had failed to comply with the Court's June 27, 2014 Order and to file a completed IFP Application and Amended Complaint by October 1, 2014. Plaintiff filed a completed IFP Application but failed to file an Amended Complaint.

Plaintiff has not communicated with the Court since filing the completed IFP Application in September 2014.

2.     **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.     DISCUSSION**

Plaintiff has failed to comply with the Court's June 27, 2014 Order and September 10, 2014 Show Cause Order.  Further, Plaintiff has failed to prosecute this matter.  The Court presumes that Plaintiff has received all mailings sent to his current address of record as these mailings have not been returned as undeliverable.  Additionally, Plaintiff was advised in the Show Cause Order that failure to respond to the Show Cause Order and file both a completed IFP and Amended Complaint would subject this matter to dismissal.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute

this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

Moreover, considering Plaintiff's Complaint under the preservice screening provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's Complaint should be dismissed as frivolous.

In reviewing an *in forma pauperis* application, the Court follows a two-step process: (1) determine whether the plaintiff has shown his economic situation qualifies for *in forma pauperis* status under 28 U.S.C. § 1915(a) and, if so, permit the complaint to be filed; and (2) then determine whether the cause of action stated in the complaint should be, pursuant to sections 1915(e)(2) and 1915A, dismissed. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).

In his IFP application (ECF No. 1), Plaintiff indicates he has no source of income and no assets. The records from the detention facility show his monthly balance average for the last six (6) months is 53.00 dollars. The information supplied by Plaintiff is sufficient to determine that Plaintiff's economic situation qualifies for IFP status.

Next, pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42,

48 (1988).

Here, Plaintiff failed to submit an amended complaint, as requested by the Court, so the only claims and factual allegations before the Court are those Plaintiff asserted in his original Complaint. Plaintiff claims William May shot him twice. Plaintiff makes no allegations as to May's employment or government affiliations. Further, there was no indication as to why May shot Plaintiff.

A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). It is unclear from Plaintiff's Complaint whether May was affiliated with Miller County, the City of Texarkana, Arkansas, or the State of Arkansas in any way. Plaintiff made no allegations that May was a state actor. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (only a state actor can be held liable under section 1983). Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against May.

4.  **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. Alternatively, I recommend that Plaintiff's application to proceed IFP (ECF No. 4) be **DENIED** and the case **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 16th day of April 2015.**

                          /s/ Barry A. Bryant  
                          HON. BARRY A. BRYANT  
                          UNITED STATES MAGISTRATE JUDGE